1  BRIAN C. LEIGHTON 090907
   Attorney at Law
2  701 Pollasky Avenue
   Clovis, California 93612
3  Telephone (559) 297-6190

4  Attorney for Plaintiffs

                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF CALIFORNIA
                          FRESNO DIVISION

MARVIN and LAURA HORNE, husband )
and wife, d.b.a. RAISIN VALLEY FARMS;)   CASE NO. CV-F-08 _____
DON DURBAHN; RAISIN VALLEY            )
FARMS MARKETING ASSOCIATION,          )
an entity which does not now exist, but )  **COMPLAINT FOR DECLARATORY**
has in the past; RAISIN VALLEY FARMS  )  **RELIEF; REVIEW OF AGENCY**
MARKETING, LLC., a California         )  **ACTION [7 U.S.C. § 608c(15)(B);**
limited liability company; LASSEN     )  **5 U.S.C. § 702 *et seq*.]**
VINEYARDS, LLC., a California limited )
liability company, and LASSEN         )
VINEYARDS, a California general       )
partnership.                          )
                                      )
            Plaintiff,                )
                                      )
     vs.                              )
                                      )
UNITED STATES DEPARTMENT OF           )
AGRICULTURE,                          )
                                      )
            Defendant.                )
_____ )

COMPLAINT FOR DECLARATORY RELIEF; REVIEW OF
AGENCY ACTION [7 U.S.C. § 608c(15)(B); 5 U.S.C. § 702 *et seq*.]

# I

# PARTIES

1. Plaintiff, RAISIN VALLEY FARMS is simply a d.b.a. for Plaintiff's MARVIN and LAURA HORNE, husband and wife, who are raisin producers and the lessees of Lassen Vineyards who reside in, and have their principal place of business, located in the County of Fresno, State and Eastern District of California.

2. Plaintiff, DON DURBAHN is a raisin producer in the County of Fresno, State and Eastern District of California.

3. Plaintiff, RAISIN VALLEY FARMS MARKETING ASSOCIATION is an entity that does not now exist, however the Defendant, United States Department of Agriculture, and the Raisin Administrative Committee contend that such an entity does and/or did exist and is and/or was a handler of raisins and is subject to the Agricultural Marketing Agreement Act (AMAA) and the Raisin Marketing Order.

4. Plaintiff, RAISIN VALLEY FARMS MARKETING, LLC., is a California limited liability company formally and officially recognized as a California LLC as of approximately May 23, 2005. Its principal place of business if located in Fresno County, State and Eastern District of California. This Plaintiff markets raisins.

5. Plaintiff, LASSEN VINEYARDS, is a general partnership, and which, in 2005 leased its raisin farms, buildings and equipment to Plaintiff, Lassen Vineyards, LLC. Its principal place of business is located in County of Fresno, State and Eastern District of California. Defendant USDA asserts that this Plaintiff is regulated by the AMAA and the Raisin Marketing Order.

6. Plaintiff, LASSEN VINEYARDS, LLC., is a California limited liability company officially and formally formed on approximately May 13, 2005. Its principal place of business is located in the County of Fresno, State and Eastern District of California. Defendant USDA asserts that this Plaintiff is regulated by the AMAA and the Raisin Marketing Order.

COMPLAINT FOR DECLARATORY RELIEF; REVIEW OF
AGENCY ACTION [7 U.S.C. § 608c(15)(B); 5 U.S.C. § 702 *et seq.*]      1

7. Plaintiff, RAISIN VALLEY FARMS, LLC., is a California limited liability company formally and officially created on approximately May 13, 2005. Its principal place of business is located in the County of Fresno, State and Eastern District of California. Defendant USDA asserts that this Plaintiff is regulated by the AMAA and the Raisin Marketing Order.

8. Defendant, UNITED STATES DEPARTMENT OF AGRICULTURE, is an agency of the United States defined by Congress as the agency that promulgated and oversees the Raisin Marketing Order under the Agricultural Marketing Agreement Act. The Agricultural Marketing Agreement Act is Title 7, U.S.C. § 601 *et seq*. The Raisin Marketing Order is located at 7 C.F.R. § 989.1 *et seq*.

## II

## JURISDICTION AND VENUE

9. On March 5, 2007 Plaintiffs herein filed an Administrative Petition before the Secretary of Agriculture pursuant to Title 7 U.S.C. § 608(c)(15)(A) as they were required to do in order to challenge rules, regulations or obligations imposed pursuant therein regarding the Raisin Marketing Order. The United States Department of Agriculture moved to dismiss that petition, the Administrative Law Judge for USDA denied USDA's motion to dismiss the petition, but the Judicial Officer for the United States of Agriculture reversed the Administrative Law Judge (ALJ) and dismissed the petition. That dismissal occurred on February 4, 2008. Plaintiffs were served via facsimile on March 7, 2008 that the Judicial Officer had dismissed the petition. Pursuant to Title 7, U.S.C. § 608(c)(15)(B) this complaint is timely filed, and pursuant to the same section, this court has jurisdiction over this complaint. This court also has jurisdiction pursuant to Title 5, U.S.C. § 702 *et seq*. This court also has jurisdiction pursuant to Title 28 U.S.C. § 1346, as an agency of the United States, the United States Department of Agriculture, is a Defendant in this matter.

10. Venue is appropriate in the Fresno Division of the Eastern District of California because all of the Plaintiffs reside and do business in the County of Fresno, State and Eastern District of

California, and the Raisin Administrative Committee has its principal place of business in Fresno County.

### III

### **STATEMENT OF FACTS**

11.   The Raisin Marketing Order regulates the handling of raisins in the State of California. Only the handlers are regulated by the Raisin Marketing Order. None of the Plaintiffs acquire raisins from producers.

12.   USDA subpoenas, subpoena duces tecum, and enforcement actions have been brought against Plaintiffs pursuant to the Agricultural Marketing Agreement Act (AMAA) USDA has contended that the Plaintiffs are handlers or otherwise subject to the Raisin Marketing Order. Plaintiffs contend that they are not.

13.   Plaintiffs allege here, as they did below in the administrative proceeding, that they are not handlers of raisins subject to the AMMA or the Raisin Marketing Order. Plaintiffs also allege herein as they did below, that USDA contends, through enforcement actions against one or more of the Plaintiffs, as well as in subpoenas duces tecum issued by USDA that all of the Plaintiffs are subject to Raisin Marketing Orders. Plaintiffs contended below, and contend herein that the AMAA either explicitly or implicitly only regulates those "handlers" who first acquire the product governed by any marketing order, and that is that it was not intended to cover: (1) producers who do not "acquire" raisins as that term is used in the Raisin Marketing Order, but who simply pack the raisins themselves and then sell or have some other party sell the raisins; (2) a company that simply leases processing equipment to raisins producers for the producers' own benefit and merely charge a fee per pound for the use of the lessor's equipment, shed and/or personnel; (3) to companies who simply lease, for a price, personnel for the use of the producers to process their own raisins; and (4) or a marketing association consisting of raisin producers, who simply join together for the purpose of processing their own raisins and marketing those raisins when there is no "acquisition" by any handler.

14. That is, Plaintiffs below and herein contend that there is no marketing order regulations or any obligations imposed in connection therewith upon producers who process their own raisins without an acquisition by any "acquiring" handler or processor.

15. USDA below argued that under the AMAA and the Rules of Practice governing Administrative Petitions (& C.F.R. § 900.50, *et seq*.) only a handler has standing to file a petition under 608c(15)(A) of the AMAA, and since the Petitioners below, and Plaintiffs now do not allege or admit that they are handlers, they lack standing. Plaintiffs allege that under the Rules of Practice, 7 C.F.R. § 900.51(i) a "handler" is defined by regulation for purposes of § 608c(15)(A) as "any person who, by the terms of a marketing order, is subject thereto, or to whom a marketing order is thought to be made applicable." Plaintiffs alleged below, and allege herein that USDA and the Raisin Administrative Committee was seeking, and have sought, to make the Marketing Order applicable to Plaintiffs, and therefore Plaintiffs had standing to file an Administrative Petition before USDA. A true and correct copy of Plaintiff's (Petitioners below) Administrative Petition is attached hereto and marked Exhibit "1". After USDA filed a motion to dismiss the Administrative Petition because, it contended that the Petitioners below (Plaintiffs herein) lacked standing, Plaintiffs responded, and on May 15, 2007 the Administrative Law Judge denied USDA's motion to dismiss the Petition since the ALJ found that USDA was attempting to make the Raisin Marketing Order applicable to the Petitioners (Plaintiffs herein) and therefore Plaintiffs had standing. A true and correct copy of the ALJ's Order in this regard is attached hereto and marked Exhibit "2".

16. Defendant/Respondent USDA appealed the ALJ's decision to the Judicial Officer (JO). On or about February 4, 2008, the JO reversed the ALJ. A true and correct copy of the JO's decision is attached hereto and marked Exhibit "3". Plaintiffs were faxed served with a copy of said decision on March 7, 2008 and now timely file this complaint pursuant to Title 7, U.S.C. § 608c(15)(A).

///

///

## IV

## CAUSE OF ACTION

### (Declaratory Relief; Review of Agency Action; Reverse and Remand to USDA)

17. Plaintiffs incorporate, as though fully set forth, paragraphs 1 through 16.

18. Pursuant to the Ninth Circuit decision in *Midway Farms v. United States Department of Agriculture*, 188 F.3d 1136 (9th Cir. 1999), and pursuant to Title 7 U.S.C. § 608c(15)(B) this court must review the decision by the Secretary of USDA, through its Judicial officer, because such ruling is not in accordance with law, and this court must remand such proceedings to the Secretary to make such ruling as this court determines to be in accordance with law, and to take such further proceedings as, in this court's opinion, the law requires.

19. Pursuant to Title 5, U.S.C. § 706, this court should find that the Judicial Officer's decision was arbitrary, capricious, any abuse of discretion or otherwise not in accordance with law, or in excess of statutory jurisdiction, authority or limitation, and/or was unsupported by substantial evidence.

20. Plaintiffs are entitled to declaratory relief, declaring that the Judicial Officer (the Secretary) abused its discretion, and that its ruling was contrary to law. Plaintiffs are therefore entitled to declaratory relief, reversing the Judicial Officers's decision, and remanding this back to the agency so that Petitioners (Plaintiffs) may have a hearing and a ruling thereon in accordance with the administrative rules governing administrative petitions filed pursuant to Title 7, U.S.C. § 608c(15)(A), and Due Process.

## V

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. For declaratory relief, a declaratory judgment that the Judicial Officer's decision was contrary to law, and an abuse of discretion, and not in accordance with law;

    2.      For declaratory judgment that Plaintiffs Administrative Petition filed pursuant to Title 7, U.S.C. § 608(c)(15)(A) shall be maintained pursuant to the Rules of Practice governing Administrative Petitions, and that Plaintiffs are entitled to a hearing and a decision thereon, and after a full hearing pursuant to the Rules governing administrative practice pursuant to Title 7 U.S.C. § 608()c)(15)(A) and the Rules of Practice, Title 7 C.F.R. § 900.50 *et seq.*;

    3.      For attorneys' fees pursuant to the Equal Access to Justice Act, in an amount according to proof, and for costs of suit; and

    4.      For any further and additional relief the court deems just and proper.

DATED:      March 18, 2008

                                        /s/Brian C. Leighton

                                        BRIAN C. LEIGHTON, legal counsel for Plaintiffs