1  BRIAN C. LEIGHTON 090907
   Attorney at Law
2  701 Pollasky Avenue
   Clovis, California 93612
3  Telephone (559) 297-6190

4  Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| MARVIN and LAURA HORNE, husband and wife, d.b.a. RAISIN VALLEY FARMS; DON DURBAHN; RAISIN VALLEY FARMS MARKETING ASSOCIATION, an entity which does not now exist, but has in the past; RAISIN VALLEY FARMS MARKETING, LLC., a California limited liability company; LASSEN VINEYARDS, LLC., a California limited liability company, and LASSEN VINEYARDS, a California general partnership.<br><br>            Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>            Defendant. | CASE NO. 1:08-CV-00402 OWW-SMS<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF; REVIEW OF AGENCY ACTION [7 U.S.C. § 608c(15)(B); 5 U.S.C. § 702 *et seq*.]; VIOLATION OF DUE PROCESS; AND FURTHER RELIEF BY AMENDING THIS COMPLAINT** |

Plaintiffs file this First Amended Complaint for Declaratory Relief, Review of Agency Action, Violation of Due Process and Further Relief by Amending this Complaint, and allege as follows:

# I

# PARTIES

1.  Plaintiff, RAISIN VALLEY FARMS is simply a d.b.a. for Plaintiff's MARVIN and LAURA HORNE, husband and wife, who are raisin producers and the lessees of Lassen Vineyards who reside in, and have their principal place of business, located in the County of Fresno, State and Eastern District of California.

2.  Plaintiff, DON DURBAHN is a raisin producer in the County of Fresno, State and Eastern District of California.

3.  Plaintiff, RAISIN VALLEY FARMS MARKETING ASSOCIATION is an entity that does not now exist, however the Defendant, United States Department of Agriculture, and the Raisin Administrative Committee contend that such an entity does and/or did exist and is and/or was a handler of raisins and is subject to the Agricultural Marketing Agreement Act (AMAA) and the Raisin Marketing Order.

4.  Plaintiff, RAISIN VALLEY FARMS MARKETING, LLC., is a California limited liability company formally and officially recognized as a California LLC as of approximately May 23, 2005.  Its principal place of business if located in Fresno County, State and Eastern District of California.  This Plaintiff markets raisins.

5.  Plaintiff, LASSEN VINEYARDS, is a general partnership, and which, in 2005 leased its raisin farms, buildings and equipment to Plaintiff, Lassen Vineyards, LLC.  Its principal place of business is located in County of Fresno, State and Eastern District of California.  Defendant USDA asserts that this Plaintiff is regulated by the AMAA and the Raisin Marketing Order.

6.  Plaintiff, LASSEN VINEYARDS, LLC., is a California limited liability company officially and formally formed on approximately May 13, 2005. Its principal place of business is located

1  in the County of Fresno, State and Eastern District of California.  Defendant USDA asserts that this
2  Plaintiff is regulated by the AMAA and the Raisin Marketing Order.

3  　　　　7.　　Plaintiff, RAISIN VALLEY FARMS, LLC., is a California limited liability company
4  formally and officially created on approximately May 13, 2005. Its principal place of business is located
5  in the County of Fresno, State and Eastern District of California.  Defendant USDA asserts that this
6  Plaintiff is regulated by the AMAA and the Raisin Marketing Order.

7  　　　　8.　　Defendant, UNITED STATES DEPARTMENT OF AGRICULTURE, is an agency of
8  the United States defined by Congress as the agency that promulgated and oversees the Raisin Marketing
9  Order under the Agricultural Marketing Agreement Act.  The Agricultural Marketing Agreement Act
10  is Title 7, U.S.C. § 601 *et seq*.  The Raisin Marketing Order is located at 7 C.F.R. § 989.1 *et seq*.

## II

## JURISDICTION AND VENUE

13  　　　　9.　　On March 5, 2007 Plaintiffs herein filed an Administrative Petition before the Secretary
14  of Agriculture pursuant to Title 7 U.S.C. § 608(c)(15)(A) as they were required to do in order to
15  challenge rules, regulations or obligations imposed pursuant therein regarding the Raisin Marketing
16  Order.  The United States Department of Agriculture moved to dismiss that petition, the Administrative
17  Law Judge for USDA denied USDA's motion to dismiss the petition, but the Judicial Officer for the
18  United States of Agriculture reversed the Administrative Law Judge (ALJ) and dismissed the petition.
19  That dismissal occurred on February 4, 2008.  The Clerk's Office for Defendant USDA did not post-
20  mark or mail the Judicial Officer's (JO's) decision to Plaintiff's counsel until February 28, 2008, twenty-
21  four (24) days after the JO's decision. (See attached Exhibit "1").  The Plaintiffs were not served with
22  the decision, Plaintiffs' counsel was.  Plaintiffs' counsel did not receive said "decision" until March 4,
23  2008. (See attached Exhibit "1")  What Plaintiffs' counsel did receive on March 4, 2008, was the JO's
24  decision that had been folded in thirds and the pages were slit where they were folded so the document
25  basically came in three separate sections as shown in Exhibit "2" (2 pages) attached hereto.  The USDA
26  Clerk's notice (top of Exhibit "2") states it was sent by certified mail, but it was not.  Appellant's

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF; REVIEW OF AGENCY ACTION [7 U.S.C. § 608c(15)(B);
5 U.S.C. § 702 *et seq*.]; VIOLATION OF DUE PROCESS; AND FURTHER
RELIEF BY AMENDING THIS COMPLAINT                                2

counsel notified the USDA's Clerk's Office immediately upon receipt which then faxed a copy of said decision and Clerk's Office cover letter to Plaintiff's counsel on March 7, 2008, and advised Plaintiffs' counsel that the appeal period would begin to run on March 7, 2008. (Exhibit "3" attached hereto) The Office of the Judicial Officer and the Judicial Officer's Clerk has no electronic monitoring system for when the Judicial Officer issues orders or decisions, there is no electronic filing, and there is no electronic means to determine if any rulings were issued by the Judicial Officer on that day, the day before or weeks before. Pursuant to Title 7, U.S.C. § 608(c)(15)(B) this complaint is timely filed, and pursuant to the same section, this court has jurisdiction over this complaint. This court also has jurisdiction pursuant to Title 5, U.S.C. § 702 *et seq*. This court also has jurisdiction pursuant to Title 28 U.S.C. § 1346, as an agency of the United States, the United States Department of Agriculture, is a Defendant in this matter.

10. Venue is appropriate in the Fresno Division of the Eastern District of California because all of the Plaintiffs reside and do business in the County of Fresno, State and Eastern District of California, and the Raisin Administrative Committee has its principal place of business in Fresno County.

### III

### STATEMENT OF FACTS

11. The Raisin Marketing Order regulates the handling of raisins in the State of California. Only the handlers are regulated by the Raisin Marketing Order. None of the Plaintiffs acquire raisins from producers.

12. USDA subpoenas, subpoena duces tecum, and enforcement actions have been brought against Plaintiffs pursuant to the Agricultural Marketing Agreement Act (AMAA) USDA has contended that the Plaintiffs are handlers or otherwise subject to the Raisin Marketing Order. Plaintiffs contend that they are not.

13. Plaintiffs allege here, as they did below in the administrative proceeding, that they are not handlers of raisins subject to the AMMA or the Raisin Marketing Order. Plaintiffs also allege herein

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF; REVIEW OF AGENCY ACTION [7 U.S.C. § 608c(15)(B);
5 U.S.C. § 702 *et seq*.]; VIOLATION OF DUE PROCESS; AND FURTHER
RELIEF BY AMENDING THIS COMPLAINT                          3

1   as they did below, that USDA contends, through enforcement actions against one or more of the
2   Plaintiffs, as well as in subpoenas duces tecum issued by USDA that all of the Plaintiffs are subject to
3   Raisin Marketing Orders.  Plaintiffs contended below, and contend herein that the AMAA explicitly or
4   implicitly only regulates those "handlers" who first acquire the product governed by any marketing
5   order, and that it was not intended to cover: (1) producers who do not "acquire" raisins as that term is
6   used in the Raisin Marketing Order, but who simply pack the raisins themselves and then sell or have
7   some other party sell the raisins; (2) a company that simply leases processing equipment to raisins
8   producers for the producers' own benefit and merely charge a fee per pound for the use of the lessor's
9   equipment, shed and/or personnel; (3) to companies who simply lease, for a price, personnel for the use
10  of the producers to process their own raisins; and (4) or a marketing association consisting of raisin
11  producers, who simply join together for the purpose of processing their own raisins and marketing those
12  raisins when there is no "acquisition" by any handler.

13        14.    That is, Plaintiffs below and herein contend that there is no marketing order regulations
14  or any obligations imposed in connection therewith upon producers who process their own raisins
15  without an acquisition by any "acquiring" handler or processor.

16        15.    USDA below argued that under the AMAA and the Rules of Practice governing
17  Administrative Petitions (& C.F.R. § 900.50, *et seq*.) only a handler has standing to file a petition under
18  608c(15)(A) of the AMAA, and since the Petitioners below, and Plaintiffs now, do not allege or admit
19  that they are handlers, they lack standing.  Plaintiffs allege that under the Rules of Practice, 7 C.F.R. §
20  900.51(i) a "handler" is defined by regulation for purposes of § 608c(15)(A) as "any person who, by the
21  terms of a marketing order, is subject thereto, or to whom a marketing order is sought to be made
22  applicable."  Plaintiffs alleged below, and allege herein that USDA and the Raisin Administrative
23  Committee was seeking, and have sought, to make the Marketing Order applicable to Plaintiffs, and
24  therefore Plaintiffs had standing to file an Administrative Petition before USDA.  A true and correct
25  copy of Plaintiff's (Petitioners below) Administrative Petition is attached hereto and marked Exhibit "4".
26  After USDA filed a motion to dismiss the Administrative Petition because, it contended that the
27
28
PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF; REVIEW OF AGENCY ACTION [7 U.S.C. § 608c(15)(B);
5 U.S.C. § 702 *et seq*.]; VIOLATION OF DUE PROCESS; AND FURTHER
RELIEF BY AMENDING THIS COMPLAINT                             4

Petitioners below (Plaintiffs herein) lacked standing, Plaintiffs responded, and on May 15, 2007 the Administrative Law Judge denied USDA's motion to dismiss the Petition on May 15, 2007 since the ALJ found that USDA was attempting to make the Raisin Marketing Order applicable to the Petitioners (Plaintiffs herein) and therefore Plaintiffs had standing. A true and correct copy of the ALJ's Order in this regard is attached hereto and marked Exhibit "5".

16. Defendant/Respondent USDA appealed the ALJ's decision to the Judicial Officer (JO). On or about February 4, 2008, the JO reversed the ALJ on the grounds that Plaintiffs had no standing since they allege they are not handlers. A true and correct "faxed" copy of the JO's decision is attached hereto and marked Exhibit "6". Plaintiffs were fax-served with a legible copy of said decision on March 7, 2008 as explained in paragraph 9 above (Exhibit "6"), and now timely file this complaint pursuant to Title 7, U.S.C. § 608c(15)(A).

17. Additional facts regarding the mailing and service of the JO's decision, Plaintiffs' receipt and the condition of said mailed decision are addressed above in paragraph 9 and will not be repeated herein.

**IV**

**FIRST CAUSE OF ACTION**

**(Declaratory Relief; Review of Agency Action; Reverse and Remand to USDA)**

18. Plaintiffs incorporate, as though fully set forth, paragraphs 1 through 17 above.

19. Pursuant to the Ninth Circuit decision in *Midway Farms v. United States Department of Agriculture*, 188 F.3d 1136 (9th Cir. 1999), and pursuant to Title 7 U.S.C. § 608c(15)(B) this court must review the decision by the Secretary of USDA, through its Judicial officer, because such ruling is not in accordance with law, and this court must remand such proceedings to the Secretary to make such ruling as this court determines to be in accordance with law, and to take such further proceedings as, in this court's opinion, the law requires.

20. Pursuant to Title 5, U.S.C. § 706, this court should find that the Judicial Officer's decision was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, or in excess of statutory jurisdiction, authority or limitation, and/or was unsupported by substantial evidence.

21. Plaintiffs are entitled to declaratory relief, declaring that the Judicial Officer (the Secretary) abused its discretion, and that its ruling was contrary to law. Plaintiffs are therefore entitled to declaratory relief, reversing the Judicial Officers's decision, and remanding this back to the agency so that Petitioners (Plaintiffs) may have a hearing and a ruling thereon in accordance with the administrative rules governing administrative petitions filed pursuant to Title 7, U.S.C. § 608c(15)(A), and Due Process.

V

**SECOND CAUSE OF ACTION**

**(Declaratory Relief: Violation of Due Process)**

22. Plaintiffs incorporate, as though fully set forth, paragraphs 1 through 21 above.

23. Title 7, U.S.C. § 608(c)15(A) provides an avenue for handlers to file with USDA an Administrative Petition contending that any marketing order or any provision of such order or any obligation imposed in connection therewith is not in accordance with law. That section states that the petitioner is entitled to a hearing and that after the hearing the "Secretary shall make a ruling upon the prayer of such petition which shall be final, if in accordance with law." The Secretary does not conduct the hearings personally, nor issues the ruling; the hearing is by the USDA's ALJ, and the ultimate USDA ruling is made by the Judicial Officer who the Secretary has appointed.

24. Title 7 U.S.C. § 608c(15)(B) states that the District Court in any district in which such handler is an inhabitant (all of the Plaintiffs are inhabitants of the Eastern District of California) "are vested with jurisdiction in equity to review such ruling, provided a bill in equity for that purpose is filed within twenty (20) days from the date of the entry of such ruling." "If the Court determines that such ruling is not in accordance with law, it shall remand such proceedings to the Secretary with directions

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF; REVIEW OF AGENCY ACTION [7 U.S.C. § 608c(15)(B);
5 U.S.C. § 702 *et seq*.]; VIOLATION OF DUE PROCESS; AND FURTHER
RELIEF BY AMENDING THIS COMPLAINT                               6

1  either (1) to make such rulings as the Court shall determine to be in accordance with law, or (2) to take
2  such further proceeding as, in its opinion, the law requires."

3      25.    The Administrative Petition filed by these Plaintiffs was against USDA. The Defendant
4  in this action is USDA. USDA is the party that made its regulation regarding the administrative
5  procedure process. The Administrative Law Judge who first heard this case is an employee of USDA.
6  The Judicial Officer is an employee of USDA. The challenge herein is against USDA's Raisin
7  Marketing Order. The Clerk's Office for USDA are USDA employees. The Clerk's Office for USDA
8  is the entity that is responsible for timely notification of the Judicial Officer's decision, particularly in
9  light of the short time limits established by Congress, and Congress determined that it should be twenty
10 (20) days from the date of the entry of the decision, not additional time, nor did Congress enunciate that
11 it was to be twenty (20) days from the date of service of said Judicial Officer's decision, and not twenty
12 (20) days form the date of receipt of the Judicial Officer's decision.

13     26.    The JO's decision was entered on February 4, 2008. Due Process would have required
14 the Clerk's Office for USDA to mail said decision certified on that very date, or, at the latest, the day
15 after, and even should be required to send it overnight delivery because of the "twenty (20) day short
16 fuse". USDA does not have any type of monitoring system as to when JO decisions are issued, nor any
17 electronic means of determining what JO decisions were issued that day, the previous day, the previous
18 week or even the previous months, and this JO decision was not posted until well after March 7, 2008.
19 USDA was also required, by Due Process to insure that when the JO's decision is mailed, it is not cut
20 into three sections and mutilated like in this particular instance. Further, since USDA knows that
21 Plaintiffs were represented by counsel, and that counsels have fax machines, the decision should have
22 been faxed, like it eventually was on March 7, 2008, and Due Process required it.

23     27.    Allegedly being required to file an Administrative Petition before USDA as a condition
24 precedent from proceeding in a U.S. District Court, and since USDA's "Hearing Officer" is employed
25 by USDA, and USDA's "Judicial Officer" is employed by USDA, and since USDA is a Defendant in
26 the administrative process, and in this Court, USDA owed Plaintiffs' Due Process of a timely and
27
28

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF; REVIEW OF AGENCY ACTION [7 U.S.C. § 608c(15)(B);
5 U.S.C. § 702 *et seq*.]; VIOLATION OF DUE PROCESS; AND FURTHER
RELIEF BY AMENDING THIS COMPLAINT    7

1  adequate notice in order to comply with the government's command that any "appeal" from the
2  Secretary's (Judicial Officer's) decision is required to be filed within twenty (20) days from the date of
3  entry of that decision.  USDA owed Plaintiff Due Process in a timely and adequate notice of said
4  decision by: (1) sending by overnight delivery on the date of the entry of said decision by USDA to the
5  Petitioners' counsel of record; (2) sending via facsimile to Petitioners' counsel on the date of the entry
6  of said decision, and immediately sending it by certified mail; and/or (3) e-mailing to Petitioners'
7  counsel on the same date as the entry of decision, so that Petitioners' counsel could receive said decision
8  no later than one day after the entry of said decision, and Due Process further requires that said decision
9  is in one piece and readily readable.

10  28.  Plaintiffs are therefore entitled to declaratory relief, a declaration that USDA's procedure
11  in notifying Plaintiffs and Plaintiffs' counsel of said decision violates Due Process and requires a remand
12  to USDA for the Judicial Officer to again issued his decision and promptly notify Plaintiffs' counsel,
13  in readable form, of said Judicial Officer's decision.  Plaintiffs are further entitled to declaratory relief,
14  that the notice provided by USDA violates Due Process, and that Plaintiffs' complaint herein was timely
15  filed, as the interests of justice so requires.

**VI**

**THIRD CAUSE OF ACTION**

**(Declaratory Relief; Permission for Plaintiff to File a Further Amended Complaint Alleging, in an Original Jurisdiction Matter Before the District Court, Plaintiff Claims that Said Marketing Order, Provisions of Said Marketing Order, or the Obligations Imposed in Connection Therewith are Contrary to Law, Without Requiring an Exhaustion of any Administrative Remedies)**

22  29.  Plaintiffs incorporate as though fully set forth, paragraphs 1 through 28 above.
23  30.  As stated in paragraph 15 above, Plaintiffs allege in their Administrative Petition that they
24  were not handlers subject to the Agriculture Marketing Agreement Act, regardless of how interpreted
25  by the Raisin Marketing Order, yet that USDA has contended for more than several years that Plaintiffs
26  are handlers subject to the AMAA and the Raisin Marketing Order.  As stated in paragraph 13 above,

---

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF; REVIEW OF AGENCY ACTION [7 U.S.C. § 608c(15)(B);
5 U.S.C. § 702 *et seq*.]; VIOLATION OF DUE PROCESS; AND FURTHER
RELIEF BY AMENDING THIS COMPLAINT                                                8

Plaintiffs allege that they are producers of raisins, and that one or more of the Plaintiffs operate a facility for producers to pack their own raisins, maintaining title of those raisins, and selling said raisins, and that none of the Plaintiffs are "handlers" regulated under the AMAA and the Raisin Marketing Order.

31.   USDA claimed below in the administrative proceeding that since Plaintiffs do not admit that they are handlers, they have no standing to file a petition under § 608c(15)(A) of the AMAA. While the Administrative Law Judge disagreed with USDA, the Judicial Officer, employed by USDA held that Plaintiffs had no standing because they refused to admit that they were handlers subject to the Marketing Order.

32.   The Courts have uniformly required "handlers" to exhaust the administrative remedies of the AMAA. Many times, the Courts have held that "producers" cannot file an action directly in District Court, as they should utilize "handlers" to take up their cause and file an Administrative Petition for said producers, because normally handlers would have a sufficient reason to do so. That is not the case in the instant situation. Plaintiffs are not handlers. The handlers are the approximate 15 packers in the industry that acquire raisins from producers, take title to those raisins, sell said raisins at a profit and pay a pre-arranged price to the producers. Every single handler in the raisin industry in California is opposed to Plaintiffs herein and have complained loudly to USDA that Plaintiffs must be shut down. There is no handler who would file an Administrative Petition alleging that Plaintiffs are not governed by the AMA and/or The Raisin Marketing Order. Therefore, Plaintiffs are entitled to declaratory relief, a declaration by the Court that Plaintiffs can have the United States District Court for the Eastern District of California exercise original jurisdiction over Plaintiffs' claims, and allow Plaintiffs sufficient time to file an amended complaint alleging Plaintiffs' various claims without being required to "exhaust" any "administrative remedies".

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1.   As to the first cause of action: for declaratory relief, a declaratory judgment that the Judicial Officer's decision was contrary to law, and an abuse of discretion, and not in accordance with law;

2.   As to the first cause of action: for declaratory judgment that Plaintiffs Administrative Petition filed pursuant to Title 7, U.S.C. § 608(c)(15)(A) shall be maintained pursuant to the Rules of Practice governing Administrative Petitions, and that Plaintiffs are entitled to a hearing and a decision thereon, and after a full hearing pursuant to the Rules governing administrative practice pursuant to Title 7 U.S.C. § 608()c)(15)(A) and the Rules of Practice, Title 7 C.F.R. § 900.50 *et seq.*;

3.   As to the second cause of action: declaratory relief, a declaration by the Court that USDA's notice provision to the Plaintiff of the Judicial Officer's decision violates Due Process and ordering the Judicial Officer to again announce his decision and timely serve it by fax and overnight mail; can occur, **or** this Court find Plaintiffs' complaint herein timely filed because of USDA's violation of Due Process;

4.   As to the fourth cause of action: declaratory relief, a declaration by the Court that Plaintiffs are not required to exhaust administrative remedies, given the Judicial Officer's decision, and will be permitted to file an amended complaint, upon which this Court will exercise original jurisdiction, and allowed to allege whatever various causes of action Plaintiffs have regarding the AMAA and/or the Raisin Marketing Order, without being required to exhaust any administrative remedies.

5.   For attorneys' fees pursuant to the Equal Access to Justice Act, in an amount according to proof, and for costs of suit; and

6.   For any further and additional relief the court deems just and proper.

DATED:   July 29, 2008

/s/Brian C. Leighton

_____
BRIAN C. LEIGHTON, legal counsel
for Plaintiffs

PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY
RELIEF; REVIEW OF AGENCY ACTION [7 U.S.C. § 608c(15)(B);
5 U.S.C. § 702 *et seq.*]; VIOLATION OF DUE PROCESS; AND FURTHER
RELIEF BY AMENDING THIS COMPLAINT                    10